CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 02 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 7:03CR00114 |
| v. | ) | |
| | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| CYNTHIA HIDALGO ROBERTSON | ) | By: Hon. James C. Turk |
| | ) | Senior United States District Judge |

Cynthia Hidalgo Robertson, a federal inmate proceeding pro se, brought this motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Upon review of the record, the court finds that Robertson's motion (Docket No. 233) is untimely and the United States' Motion to Dismiss (Docket No. 247) must be granted accordingly.[1]

I.

Robertson challenges the validity of her confinement under a July 13, 2005, judgment of this court, convicting her of conspiracy to distribute narcotics and money laundering. Robertson did not appeal that judgment. Rather, she signed and dated this § 2255 motion on November 12, 2007, raising the following claims: (1) her guilty plea is invalid because her counsel unlawfully induced her to plead guilty by failing to explain properly the nature of the charges, the consequences of the guilty plea, or the likelihood that she would receive a prison sentence[2]; (2) her counsel provided ineffective assistance by failing to engage in appropriate discovery, failing to object to the presentencing report

---

[1] Counsel for the United States also filed a Motion for Extension of Time to File Response/Reply (Docket No. 246). Because the United States subsequently filed a Motion to Dismiss upon which the court now rules, the court hereby dismisses the aforementioned Motion for Extension of Time.

[2] According to Robertson, counsel told her that if she pleaded guilty, she would receive no prison time and get probation. Robertson also claims that because she could not read or write, she did not question counsel's advice and signed all documents that he gave her.

or request an adjustment of the guideline range, and failing to file a notice of appeal after petitioner so requested; and (3) the prosecutor wrongfully "added" possession of a dangerous weapon that she had never held or seen up close.

On May 08, 2008, the United States filed a Motion to Dismiss, claiming that Robertson's § 2255 motion was untimely filed and not done under circumstances warranting equitable tolling. The United States further argued that Robertson had waived her right to collaterally attack the sentence as part of her guilty plea, and in any event, the claims of ineffective assistance of counsel are without merit.

Robertson filed a response to the United States' Motion to Dismiss on May 28, 2008. This time, Robertson claimed that she was not able to file a § 2255 motion within the statutory time limits due to illiteracy. Pet. Resp. to Mot. to Dismiss at 2-3. Robertson also claimed that she did not knowingly and voluntarily waive her right to collaterally attack her sentence as part of her guilty plea because "[i]n her somewhat functional illiteracy, [she] was not able to ascertain the magnitude of the waiver." Pet. Resp. to Mot. to Dismiss at 4. Finally, Robertson claimed that her guilty plea was invalid because she was "never informed of a 'mandatory minimum sentence' for the attributed amount of drugs, nor was she informed of the consequences of her criminal history." Pet. Resp. to Mot. to Dismiss at 4.

## II.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

2

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

Robertson's § 2255 motion is clearly untimely under § 2255(f)(1). Her conviction became final when her opportunity to appeal the district court's judgment expired on July 27, 2005. United States v. Clay, 537 U.S. 522, 525 (2003). The one-year limitation period then began running and expired on July 27, 2006. Robertson did not sign and date her § 2255 motion until November 12, 2007, more than two years after her conviction became final. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner pleadings considered filed on date delivered to prison authorities for mailing). As a result, Robertson's motion is untimely filed unless she can demonstrate that her claims fall under another subparagraph of § 2255(f) or equitable tolling applies.

The court finds no grounds upon which Robertson's petition can be considered timely under any other subsection. Furthermore, equitable tolling is not warranted under these circumstances. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). A petitioner seeking equitable tolling

3

must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. See Harris, 209 F.3d at 330. Nor does a claim of illiteracy at the time of a plea agreement provide sufficient reason either. See Furr v. Robinson, 2000 WL 152147, at *2 (E.D.Va. Jan. 13, 2000) (illiteracy and the inability to speak the English language do not constitute extraordinary circumstances to justify equitable tolling). The court therefore finds no grounds for equitable tolling, and thus Robertson's motion is untimely.

Even if Robertson's § 2255 motion had been timely filed, her prior sworn statements provide sufficient grounds for the court to dismiss this motion. In particular, Robertson stated during her plea colloquy that she was literate, had received a GED, and attended school for nursing.[3] Tr. Apr. 12, 2005, at 3:25-4:9. Robertson fails to offer any evidence of "extraordinary circumstances" to explain why her current assertions of

---

[3] Before accepting Robertson's guilty plea, the court conducted the following exchange with Robertson:

| THE COURT: | How far have you been in school? |
|---|---|
| MS. ROBERTSON: | I've been in school. I got my GED and I went to school for nursing. |
| THE COURT: | So you can read, write, understand the English language? |
| MS. ROBERTSON: | Yes, sir. |
| THE COURT: | Are you under the influence of any type of medication or other substance that would prevent you from understanding what's going on here this morning? |
| MS. ROBERTSON: | No, Your Honor. |

Tr. Apr.12, 2005, at 3:25-4:9 (emphasis added).

4

illiteracy are more credible than those sworn statements to the contrary.[4] On this basis, the court has sufficient reason to dismiss Robertson's claims to the extent they allege that her guilty plea, or any waivers contained therein, was invalid due to illiteracy. See United States v. LeMaster, 403 F.3d 216, 221-22 (4th Cir. 2005), aff'g LeMaster v. United States, Case No. 7:02-cv-00794 (W.D. Va. 2003) ("In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

Finally, Robertson's claim that she was never informed of any mandatory minimum sentence is simply without merit. At Robertson's plea colloquy, the court explained the potential sentences applicable to the charges contained in the guilty plea, including a mandatory minimum sentence for Count One.[5] At the conclusion of this

---

[4] The only explanation given by Robertson to explain her sworn statements was that she was "embarrassed to let people know my situation and my illiteracy." Pet. Motion under 28 U.S.C.A. § 2255 at 6. This embarrassment, however, does not rise to the level of "extraordinary circumstances" necessary to overcome the truth of sworn statements made during a Rule 11 colloquy. See U.S. v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (citing examples of "extraordinary circumstances" including admittedly ineffective representation by counsel and documentary evidence that petitioner was severely ill, both physically and mentally, at the time of the plea colloquy).

[5] Before accepting Robertson's guilty plea, the court had the following exchange:

> THE COURT: As to Count One (1) <u>there is a minimum mandatory sentence of from ten (10) years</u> up to a maximum of life, plus a fine of up to four million dollars ($4,000,000) or a combination of both, plus a period of supervised release, plus a special mandatory assessment of a hundred dollars ($100).
>
> As to the money laundering, there is a possible fine of up to five hundred thousand dollars ($500,000), a period of confinement of up to twenty (20) years or a combination of both, plus a period of supervised release, plus a special mandatory assessment of one hundred dollars ($100).
>
> And while you were on supervised release, if you violated your conditions of supervised release, for good cause your supervised release could be revoked and you could be reincarcerated.

5

explanation, the court questioned Robertson directly about whether she understood these penalties. Robertson stated affirmatively that she did understand. As a consequence, in the absence of evidence of "extraordinary circumstances" demonstrating why Robertson's recent claims are more credible than her contrary statements made under oath, the court has reason to dismiss Robertson's claims regarding mandatory minimum penalties as well. See LeMaster, 403 F.3d at 221-22.

## III.

In sum, the court finds that Robertson's motion was untimely filed and there are no grounds to warrant statutory or equitable tolling. The court further finds no reason to conclude that Robertson's recent claims of illiteracy and/or misunderstanding are more credible than her prior contrary statements made under oath. For these reasons, the court will grant the United States' Motion to Dismiss and deny Robertson's Motion to Vacate, Set Aside, or Correct Sentence. An appropriate order will be entered this day.

Robertson is advised that she may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Robertson has failed to demonstrate "a substantial showing of the denial of a constitutional right," thus this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel,

---

<u>Do you understand the minimum mandatory</u> and the maximum sentence for these offenses?

MS. ROBERTSON: Yes, Your Honor.

Tr. Apr.12, 2005, at 9:9-22 (emphasis added).

6

529 U.S. 473 (2000). If Robertson intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, her first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and to counsel of record for the respondent.

ENTER: This 2nd day of October, 2008.

/s/ James C. Turk
Senior United States District Judge