CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
NOV 2 5 2008
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 7:03CR00114 |
| v. | 2255 MEMORANDUM OPINION |
| CYNTHIA HIDALGO ROBERTSON., | By: Hon. James C. Turk<br>Senior United States District Judge |

    Defendant Cynthia Hidalgo Robertson, a federal inmate proceeding pro se, has submitted to the court a pleading that she styles as a "motion for correction of clerical error," pursuant to Fed. R. Crim. P. 36. Because she is claiming that her sentence itself is unlawful as imposed and is attempting to have it set aside rather than to correct some clerical error of the nature addressed by Rule 36, the court construed her submission as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Upon review of the record, the court concludes that the action must be dismissed as successive.

I

    Robertson is confined under the July 13, 2005 judgment of this court convicting her of conspiracy to distribute narcotics and money laundering. The court sentenced her to concurrent sentences of 120 months imprisonment on the conspiracy count and 84 months on the money laundering count. She did not appeal. In November 2007, she filed a § 2255 motion, challenging the validity of her guilty plea and presenting claims of ineffective assistance of counsel. The court dismissed this motion as untimely filed under § 2255(h).

    Now Robertson alleges that in calculating her sentence, the court misread the following key numbers. In figuring her total offense level, the court incorrectly added two points for possession

1

of a dangerous weapon, including a firearm, pursuant to the United States Sentencing Guidelines ("USSG") § 2D1.1(b)(1). In calculating her criminal history category, the court put V instead of IV. Robertson asserts that absent these errors, her total offense level would be 23 and her criminal history category would be V, for a sentencing range of 70-87 months, making her current sentence of 120 months in excess of the sentence authorized by law. She asks the court to correct this "clerical" error and resentence her to change her sentence from 120 months on the drug charge to a sentence within the appropriate range of 70-87 months. Also in support of her request for resentencing, Robertson attaches a list of purported "Constitutional Violations" that allegedly occurred during her criminal proceedings.

II

Rule 36 of the Federal Rules of Criminal Procedure authorizes the court, after giving notice, to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 35(a) allows a court to correct an erroneous sentence within seven days from entry of the judgment. However, "[w]hen the district court unequivocally states a sentence and then imposes it, and the sentence is not the product of [clerical] error, the district court has no authority to alter that sentence" under Rule 35(a) or Rule 36 if more than seven days have passed since the judgment entered. United States v. Chavis, 161 Fed. App'x 339, 340 (4th Cir. 2006) (unpublished) (quoting United States v. Fraley, 988 F.2d 4, 6-7 (4th Cir. 1993)); United States v. Blackwell, 81 F.3d 945, 948-49 (10th Cir.1996) (finding that Rule 36 cannot be used by court to correct substantive errors in the judgment); United States v. Werber, 51 F.3d 342, 346-48 (2d Cir. 1995) (collecting cases and noting that Rule 36 allows the court to correct transcription errors, but not errors of law).

2

Robertson is claiming that calculation errors occurred during the sentencing proceeding that affected the length of the sentence she received. In reality, she is asking for a substantive change to her sentence calculation, not correction of a clerical error on any specific document. Such a substantive challenge cannot be addressed under Rule 36. In any event, a sentencing range below her current sentence would not have changed the fact that she was subject to a statutory mandatory minimum sentence of 120 months, pursuant to 21 U.S.C. § 841(a)(1)(B). Moreover, this fact was well established before sentencing, as her written plea agreement clearly stated that she was pleading guilty to an offense for which she was subject to a ten-year (120 months) mandatory minimum sentence. See Plea Agr. para. A. The statutory minimum "trumps" a lower guideline range and becomes the guideline sentence, pursuant to USSG § 5G1.1(c).

Clearly, Robertson cannot be entitled to resentencing under Rule 36 for the errors of law that she alleges, as they are neither clerical nor material to the calculation of her total sentence of 120 months; this sentence was controlled by statute and not by her guidelines range. In fact, Robertson's claims assert that her sentence was illegal as imposed, and such claims are appropriately construed as § 2255 claims.

III

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As stated, Robertson previously filed a § 2255 motion, Civil Action No. 7:07CV80004, regarding the judgment. Thus, her current § 2255 motion is a second or subsequent one under § 2255(h). As she has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second

3

or successive § 2255 motion, the court must dismiss the action without prejudice. An appropriate order will issue this day.

The defendant is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. The defendant must submit a copy of the successive § 2255 motion to the United States Court of Appeals for the Fourth Circuit, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A United States Court of Appeals for the Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the United States Court of Appeals for the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the defendant.

ENTER: This 25th day of November, 2008.

/s/ James C. Sur
Senior United States District Judge